# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BARRY AHURUONYE,
              Appellant,

                    v.

DEPARTMENT OF THE INTERIOR,
              Agency.

DOCKET NUMBER
DC-0432-15-0649-I-2

DATE: December 7, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Barry Ahuruonye</u>, Hyattsville, Maryland, pro se.

<u>Deborah Charette</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant under the provisions of 5 U.S.C. chapter 43 based on a charge of unacceptable performance. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-0432-15-0649-I-1, Initial Appeal File (IAF), Tab 10 at 12-14. The agency asserted that the appellant's performance was unsatisfactory in five assignments, encompassing three critical elements, that were given to him as part of a 60-day performance improvement plan (PIP). *Id.* at 13-20. On appeal to the Board, the appellant alleged that the action was based on retaliation for whistleblowing and equal employment opportunity (EEO) activity. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-0432-15-0649-I-2, Appeal File (I-2 AF), Tab 5 at 2-6.

¶3 Based on the written record because the appellant did not request a hearing, the administrative judge affirmed the removal action. I-2 AF, Tab 23, Initial Decision (ID) at 1, 26. The administrative judge found that the agency proved by substantial evidence that the Office of Personnel Management approved the agency's appraisal system, the appellant's performance standards were valid and communicated to him, the appellant's performance was unacceptable in one or more critical elements, the appellant was given a reasonable opportunity to improve his performance, and the appellant failed to improve his performance. ID at 6-17. The administrative judge also found that

the appellant did not prove his affirmative defenses. ID at 17-26. The administrative judge found that, although the appellant made protected disclosures under 5 U.S.C. § 2302(b)(8) and engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C), and established that these activities were contributing factors in the removal, the agency proved by clear and convincing evidence that it would have removed the appellant absent his protected activity. ID at 18-23. The administrative judge found that the appellant did not produce any credible direct evidence of discrimination and that the agency would have removed the appellant regardless of any discriminatory motive. ID at 23-25. Finally, the administrative judge held that, although the appellant participated in protected EEO activity and the proposing official was aware of the activity, the appellant did not establish that his removal was taken because of his EEO complaints, and the agency proved that it would have removed him absent that activity. ID at 25-26.

¶4    The appellant asserts on review that the administrative judge was biased against him and did not rule on a motion he filed seeking to disqualify the administrative judge on that basis. Petition for Review (PFR) File, Tab 2 at 4, 17-18. The appellant also raises numerous allegations of harmful error, as well as a contention that the agency violated his due process rights and 5 U.S.C. § 7701(c)(2)(C), which provides that an action may not be sustained if the employee shows that the decision was not in accordance with law. For example, the appellant contends that, because the proposing and deciding officials were named as responsible management officials and subjects in his EEO and whistleblowing complaints, he did not have an opportunity to respond to the proposed removal before an impartial adjudicator. *Id.* at 9-11. He also asserts that the administrative judge should have considered the agency's alleged action of suspending him for 30 days before the effective date of his removal as an allegation of harmful error and an action not in accordance with law, and that the agency committed harmful error based on a lack of specificity in the decision

notice and the deciding official's alleged failure to consider his response to the proposal notice. *Id.* at 11-12, 15-16, 19-21.

¶5        The appellant has not shown that he filed a motion below requesting that the administrative judge recuse himself from this case, and we have found no such request in the record.[2]  To the extent that the appellant did not raise such an allegation below, he is precluded from raising it at this time.  *See Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000); *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280‑82 (1991).  In any event, aside from his bare assertion on review that the administrative judge demonstrated "pervasive bias" against him, the appellant has not explained the basis for his bias claim.  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."   *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  We find that the appellant has not met this standard in this case.

¶6        Moreover, the record reflects that harmful error, a due process violation, and a violation of 5 U.S.C. § 7701(c)(2)(C) were not identified by the administrative judge as issues in this case.  I-2 AF, Tab 5.  The administrative judge informed the parties that if, before the close of the record, they failed to object to any of his written rulings, they would be precluded from challenging the ruling on petition for review.  I-2 AF, Tab 2.  The appellant did not object to the administrative judge's identification of the issues in this case.  In fact, the appellant appears to have raised some of these harmful error claims after the close of the record below.  I-2 AF, Tabs 19-22.  Therefore, he may not raise these

---

[2] The appellant *did* file a motion to disqualify the agency's representative.  IAF, Tab 30. The administrative judge denied that motion.  IAF, Tab 36.

claims for the first time on review. *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992); 5 C.F.R. § 1201.24(b).

¶7    Regarding the merits of the removal action, the appellant asserts that the agency should be collaterally estopped, as well as barred under the doctrine of res judicata, from arguing that it provided him with his performance plan in October 2013 for his fiscal year (FY) 2014 performance rating because the agency successfully argued, and the Board held in a separate decision, that the performance plan provided to him in October 2013, applied to the agency's May 2014 denial of a within-grade increase (WIGI), which he claims was, in turn, related to his FY 2013 performance. PFR File, Tab 2 at 23-26.

¶8    The record includes an Employee Performance Appraisal Plan for FY 2014, signed by the rating official on October 16, 2013, which indicates that the appellant refused to sign the performance plan. IAF, Tab 10 at 175, 192. The administrative judge found that the agency provided the appellant with a copy of this plan and thus proved by substantial evidence that it properly notified him of his performance standards. ID at 13; *see* I-2 AF, Tab 17 at 12. In *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-14-0587-I-1, Remand Order at ¶¶ 7-10 (Dec. 29, 2014), the Board held that it had jurisdiction over the appellant's challenge to the agency's denial of a WIGI and granted the WIGI upon finding that the agency did not submit any of the appellant's work product that included apparent errors. In making these findings, the Board noted that the agency had submitted evidence showing that on October 17, 2013, the appellant's supervisor had issued him an Employee Performance Appraisal Plan for FY 2013 that he refused to sign, and that, on or about May 1, 2014, she issued him a Summary Rating of "Minimally Successful." *Id.* at 2.

¶9    Res judicata and collateral estoppel are affirmative defenses that are waived if not timely raised. *See Stearn v. Department of the Navy*, 280 F.3d 1376, 1380−81 (Fed. Cir. 2002); *Killeen v. Office of Personnel Management*, 106 M.S.P.R. 666, ¶ 9 (2007), *vacated and remanded on other grounds*, 558 F.3d

1318 (Fed. Cir. 2009). The only affirmative defenses identified by the administrative judge were retaliation for whistleblowing and EEO activity. I-2 AF, Tab 5 at 2. As set forth above, because the appellant did not object to this ruling, he may not raise these claims on review. In any event, res judicata and collateral estoppel would not apply in this case because any prior finding by the Board regarding the appellant's FY 2013 performance plan as it related to his appeal of a denial of a WIGI involved a different issue and cause of action from the finding in this case that the agency properly provided the appellant with notice of his FY 2014 performance plan in connection with his appeal of his removal. *See Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) (finding that collateral estoppel is appropriate when, among other things, an issue is identical to that involved in the prior action); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995) (finding that res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and applies if, among other things, the same cause of action was involved in both cases).

¶10 Finally, the appellant disagrees with the administrative judge's determination that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of his whistleblowing. PFR File, Tab 2 at 26-27. The appellant contends that there was no evidence in support of the removal action because the agency was estopped from relying on the October 2013 performance plan, and the proposing and deciding officials were the subject of the appellant's EEO, Office of Special Counsel, and Office of Inspector General (OIG) complaints. *Id.* at 27. In particular, the appellant asserts that the deciding official was the subject of several EEO complaints he filed. *Id.* at 27-28. The appellant further contends that the proposing official submitted a fraudulent affidavit to the Board indicating that she took similar actions against employees who were not whistleblowers, and that he submitted a sworn affidavit

from a coworker, B.G., who alleged that the agency retaliated against him after he engaged in whistleblowing activity.  *Id.* at 28.

¶11    As set forth above, the appellant has not established a basis for finding that the agency is estopped from relying on the FY 2014 performance plan the agency provided to him in October 2013.  He has otherwise failed to allege or show error in the administrative judge's determination that the agency's evidence in support of its action was strong.  ID at 21-22; *see* IAF, Tabs 11-12; I-2 AF, Tab 17 at 12.  In fact, the appellant's arguments on review do not address the issue of whether his performance was unsatisfactory, as alleged and proved by the agency.

¶12    The administrative judge acknowledged that the majority of the appellant's whistleblowing activity was directed at the proposing official, but nevertheless found that the deciding official did not have a motive to retaliate against the appellant based on that activity.  ID at 22.  Although the appellant identifies on review references to the record showing that the deciding official was the responding management official in one of his EEO complaints, *see* I-2 AF, Tab 22 at 12, Tab 19 at 7-16, Tab 18 at 48-50, he has not identified any evidence showing that the deciding official was motivated to retaliate against him based on whistleblowing activity.  We note in this regard that the deciding official averred that he removed the appellant "because I believed that his performance was unsatisfactory and that he failed to improve his performance to an acceptable level following an opportunity period for him to do so."  I-2 AF, Tab 17 at 9.

¶13    In her declaration made under penalty of perjury, the proposing official stated that she had rated other employees' performances as "Unsatisfactory," including rating B.G.'s performance as "Unsatisfactory" on February 7, 2014.  *Id.* at 13.  She indicated that she had placed every employee she had supervised who performed at an "Unsatisfactory" level on a PIP, including B.G.  *Id.*  The proposing official further averred that she had proposed the removal of all employees she supervised who failed to complete a PIP, including submitting for legal review on October 24, 2014, a proposal notice for B.G., who resigned before

issuance of the notice of proposed removal. *Id.* at 14. The administrative judge found that the agency provided evidence that it took similar actions against employees that were not whistleblowers, noting that the proposing official's affidavit indicated that she proposed the removal "of all employees she supervises who fail to complete a proper PIP." ID at 22. He also noted that the proposing official set forth the "example" of the proposal notice involving B.G. *Id.*

¶14    The record includes an affidavit from B.G. submitted by the appellant below alleging that, after he made a disclosure of a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, and an abuse of authority to the agency's OIG on September 23, 2013, the proposing official retaliated against him by placing him on a PIP. IAF, Tab 26 at 17. Thus, to the extent that the administrative judge relied upon B.G.'s situation as an example of the agency taking similar action against an employee who was not a whistleblower, we find that the record does not appear to establish that B.G. was not a whistleblower. Nevertheless, the proposing official's declaration more broadly established that she had proposed the removal of "all" employees she supervised who failed to complete a proper PIP and appears to have referred to B.G. as only one example. IAF, Tab 17 at 14. Moreover, the proposing official did not assert in her declaration that B.G. was not a whistleblower. Under these circumstances, the appellant has not shown that the affidavit submitted by the proposing official was fraudulent, nor has he otherwise shown that the administrative judge erred when he concluded that the agency provided evidence that it took similar actions against employees who were not whistleblowers. In this regard, we note that the Board does not view the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole. *Alarid v. Department of the Army*, 122 M.S.P.R.

600, ¶ 14 (2015). The appellant has not established a basis to overturn the administrative judge's findings regarding the appellant's affirmative defenses.

¶15 After he filed his petition for review, but before the record closed on review, the appellant sought leave from the Clerk of the Board to submit a letter that an attorney for B.G. sent to the proposing official regarding a denial of a WIGI that allegedly shows that the agency took similar acts of reprisal for whistleblowing against the appellant and B.G. PFR File, Tab 7 at 4.

¶16 Pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a). No pleading other than those set forth above will be accepted unless the party files a motion with and obtains leave from the Clerk of the Board. 5 C.F.R. § 1201.114(a)(5). To constitute new and material evidence, the information contained in the document, not just the document itself, must have been unavailable despite due diligence when the record closed. *Durr v. Department of Veterans Affairs*, 119 M.S.P.R. 195, ¶ 23 (2013). We deny the appellant's request upon finding that he has not shown that this evidence, or the information contained in the evidence, was unavailable despite his due diligence when the record closed. *Id.*; *see Brown v. Department of Defense*, 121 M.S.P.R. 584, ¶ 5 n.2 (2014), *vacated on other grounds*, 646 F. App'x 989 (Fed. Cir. 2016).

¶17 After the close of the record on review, the appellant requested leave to file an additional exhibit consisting of a pleading filed by the U.S. Department of Justice in a Freedom of Information Act case filed by the appellant in U.S. district court. PFR File, Tab 12. The appellant appears to contend that this pleading will show that the agency terminated him on April 14, 2015, not April 24, 2015, and that this shows that the agency removed him less than 30 days after it proposed his removal on March 26, 2015, in violation of applicable statutes and regulations. *Id.* at 4-6.

¶18     For purposes of this case, the record on review closed on expiration of the period for filing the reply to the response to the petition for review.  *See* 5 C.F.R. § 1201.114(k).   Once the record on review closes, no additional evidence or argument will be accepted unless it is new and material as defined in 5 C.F.R. § 1201.115(d) and the party submitting it shows that the evidence or argument was not readily available before the record closed.  *Id.*   Here, although the pleading filed by the U.S. Department of Justice may not have been readily available before the record closed on review, the appellant has not shown that this evidence is material to the issues in this case.  He appears to be alleging that the pleading in question supports a harmful error claim.  As set forth above, however, harmful error was not accepted by the administrative judge as an issue in this case.  I-2 AF, Tab 5 at 2.  Thus we deny the appellant's request for leave to submit an additional exhibit.

¶19     Accordingly, we find that the administrative judge correctly affirmed the agency's removal action.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission

P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B)  (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.