NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAMON J. BROWN,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2015-3036

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-10-0294-I-2.

---

Decided: May 9, 2016

---

ANDRES MYLES GRAJALES, Office of General Counsel, American Federation of Government Employees, Washington, DC, argued for petitioner. Also represented by DAVID A. BORER.

HILLARY STERN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before PROST, *Chief Judge*, DYK and O'MALLEY, *Circuit Judges.*

PROST, *Chief Judge*.

Damon J. Brown appeals the final decision of the Merit Systems Protection Board ("Board"), sustaining his removal from his position with the United States Defense Finance and Accounting Service ("DFAS"). For the reasons discussed below, we vacate the Board's decision and remand for further proceedings.

BACKGROUND

From 1991 until his removal, Mr. Brown was an accounting technician with DFAS. Effective January 7, 2007, DFAS changed the security designation of Mr. Brown's position to "Non-Critical Sensitive." As a consequence of the change, Mr. Brown submitted a Standard Form 85P Questionnaire for Public Trust Positions to the Department of Defense, Washington Headquarters Service ("WHS-CAF").

On February 11, 2008, WHS-CAF sent Mr. Brown a Statement of Reasons ("SOR") which informed him of its intent to deny his eligibility for a sensitive position based on a number of outstanding debts revealed by a credit bureau report. The SOR required Mr. Brown to acknowledge receipt of the SOR and informed him that he had the opportunity to respond through an "Agency Security Director." J.A. 121–22. The SOR also cautioned that if his response was not received within the specified timeframe, the denial would become final and he would "forfeit all appeal rights" before WHS-CAF. *Id.* WHS-CAF included instructions detailing how Mr. Brown should respond to the SOR. The instructions noted that Mr. Brown would be responsible for the substance of the response and that he must sign it himself.

Mr. Brown subsequently indicated to WHS-CAF that he wished to submit a response. WHS-CAF gave Mr. Brown a deadline of April 20, 2008, to submit a response to Joe Lancaster, the designated Agency Security Director.

On March 9, 2008, acting on Mr. Brown's instruction, James Brightbill, an attorney, sent a letter to Mr. Lancaster with the subject line "In Re: Damon Brown Statement of Reasons (SOR)." J.A. 141. In the letter, Mr. Brightbill informed Mr. Lancaster that he was representing Mr. Brown in an ongoing bankruptcy proceeding. Mr. Brightbill also explained that Mr. Brown was seeking bankruptcy protection and provided a list of Mr. Brown's outstanding creditors. The letter further stated that, should Mr. Lancaster require additional information, he should "feel free" to contact Mr. Brightbill. *Id.* The letter was signed by Mr. Brightbill, but not by Mr. Brown. Mr. Lancaster took no action after receiving the letter.

After the April 20 deadline had passed, Mr. Lancaster telephoned Mr. Brown to tell him that he had not received a timely response. Mr. Lancaster suggested that Mr. Brown submit a late response and apologize for the delay. Following Mr. Lancaster's advice, Mr. Brown submitted a response to WHS-CAF in which he apologized for the tardy response and provided information regarding his pending bankruptcy filing and outstanding debts.

On January 21, 2009, WHS-CAF issued a Letter of Denial denying Mr. Brown eligibility to occupy a sensitive position. WHS-CAF based its decision on Mr. Brown's failure to provide a response within the designated timeframe. The Letter of Denial also informed Mr. Brown that because he "failed to respond in the specified time, this decision is final and is not subject to further appeal" before WHS-CAF. J.A. 134. If Mr. Brightbill's letter had been construed as being in response to the SOR and had

been forwarded to WHS-CAF, Mr. Brown would have had the ability to appeal the denial.

Because Mr. Brown was not eligible to occupy a non-sensitive position as a result of the WHS-CAF denial, DFAS instituted removal proceedings ultimately resulting in his removal effective April 24, 2009. In removing Mr. Brown, DFAS noted that the removal was solely because he no longer met the qualification requirements for his position and "continued assignment to a set of temporary, non-sensitive duties for an indefinite period of time [would] not promote the efficiency of the service." J.A. 139.

Mr. Brown appealed his removal to the Board. After review, Mr. Brown's removal was ultimately upheld by the Board. In its decision, the Board held that it did not have jurisdiction to review the merits of the denial of eligibility, that Mr. Brown's due process rights were not violated, and that Mr. Brown had not proved that WHS-CAF committed harmful procedural error by not considering Mr. Brightbill's letter as a response. This appeal followed.

We have jurisdiction over this appeal under 5 U.S.C. § 7703(a) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). An agency's decision is unsupported by substantial evidence if no reasonable factfinder would find the evidence sufficient to meet the applicable evidentiary burden. *Bradley v. Veterans Admin.*, 900 F.2d 233, 235 (Fed. Cir. 1990).

In cases concerning the denial of eligibility to occupy a sensitive position, our review is further limited to determinations relating to whether an agency properly followed its own internal procedures. *See Romero v. Dep't of Def.*, 527 F.3d 1324, 1329 (Fed. Cir. 2008); *King v. Alston*, 75 F.3d 657, 661–62 (Fed. Cir. 1996). An agency's ultimate eligibility determination is unreviewable. *Kaplan v. Conyers*, 733 F.3d 1148, 1160 (Fed. Cir. 2013) (en banc).

Under 5 C.F.R. § 1201.4(r), harmful error is error "that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." Because it is an affirmative defense, the party alleging harmful error has the burden of proof to demonstrate that an error was harmful, "i.e., that it caused substantial harm or prejudice to his . . . rights." 5 C.F.R. § 1201.4(r); *see also id.* at § 1201.56.

On appeal, Mr. Brown argues that WHS-CAF committed harmful procedural error when its agent, Mr. Lancaster, failed to forward Mr. Brightbill's letter to WHS-CAF or otherwise contact Mr. Brown about the letter, which prevented him from appealing the security denial to WHS-CAF. According to the government, however, Mr. Lancaster did not violate any regulations in failing to forward the letter as he had no affirmative duty to assist Mr. Brown with his response. The government further argues that determining whether the alleged error was harmful would require an impermissible review of the WHS-CAF decision to deny Mr. Brown eligibility.

A

As the designated liaison between Mr. Brown and WHS-CAF, Mr. Lancaster had a series of responsibilities prescribed by regulation:

> The duties of the [point of contact] will include, but not necessarily be limited to, delivering the SOR, having the individual acknowledge receipt of

the SOR; determining whether the individual in-
tends to respond within the time specified; ensur-
ing that the individual understands the
consequences of the proposed action as well as the
[sic] to respond in a timely fashion; explaining
how to obtain time extensions, procure copies of
investigative records, and the procedures for re-
sponding to the SOR; and ensuring that the indi-
vidual understands that he or she can obtain legal
counsel or other assistance at his or her own ex-
pense.

Department of Defense Regulation 5200.2-R, Ch.
8.2.2.1.1.

The government argues that a point of contact's re-
sponsibilities are limited to simply acting as a liaison
between WHS-CAF and an employee. Consequently, a
point of contact's responsibilities go no further than
transmitting WHS-CAF correspondence to an employee
and forwarding an employee's proper response to WHS-
CAF. This is incorrect. Under a fair reading of the De-
partment of Defense regulation, a point of contact is
required to facilitate an employee's response. We con-
clude that, in the circumstances of this case, Mr. Lancas-
ter did not comply with the requisite duties, resulting in
Mr. Brown's loss of his ability to appeal.

Here, Mr. Lancaster received a letter from Mr.
Brightbill, an attorney, purporting to relate to Mr.
Brown's SOR. This letter provided information relevant
to the reasons WHS-CAF provided for denying Mr.
Brown's eligibility. Mr. Lancaster, however, took no
action. Presumably, because Mr. Brightbill did not repre-
sent Mr. Brown before WHS-CAF, and Mr. Brown did not
sign the letter himself, Mr. Lancaster discarded or ig-
nored it. Under these circumstances, Mr. Lancaster, as
the sole point of contact between Mr. Brown and WHS-
CAF, had a responsibility to at least contact Mr. Brown to

discuss the letter.  If it had been meant as a response, Mr. Brown would have had the opportunity to correct any deficiencies, or to send a separate response which incorporated the letter's contents.  Instead, Mr. Lancaster waited at least six weeks before he contacted Mr. Brown after the deadline had passed, at which point he advised Mr. Brown to submit a late reply with an apology.

It is quite possible that Mr. Lancaster was operating under the mistaken assumption that WHS-CAF would accept Mr. Brown's late response and review the merits of his case.  We ascribe no bad faith to Mr. Lancaster in his actions, as he may have genuinely believed that Mr. Brown's case would not be prejudiced by an untimely response.  However, by taking no action to advise Mr. Brown or Mr. Brightbill of the deficiencies of the submission, which could have been cured, and only contacting Mr. Brown after the deadline to respond had passed, Mr. Lancaster caused Mr. Brown to submit an untimely response, which was rejected.  It was error.

### B

The government is correct that WHS-CAF's ultimate eligibility determination is unreviewable.  *Kaplan*, 733 F.3d at 1160.  Thus, any harmful error defense requiring a determination that Mr. Brown would have been granted eligibility but for the error must fail.  However, a harmful error defense is not limited to final agency determinations.  A harmful error defense may be applied to *a* conclusion that causes "substantial harm or prejudice" to an individual's rights.  5 C.F.R. § 1201.56(c)(3).  Therefore, a party may raise a harmful error defense concerning an agency's ultimate conclusion, as well as any subsidiary conclusion, as long as that conclusion has a substantial impact on that party's rights.

Here, the harm Mr. Brown alleges is not the denial of eligibility to occupy a sensitive position.  Rather, it is the loss of his right to appeal that denial to WHS-CAF.

Though Mr. Brown had no due process rights in connection with his eligibility, he did have statutory rights, which, under WHS-CAF's own procedures, included the right to have an adequate opportunity to reply to WHS-CAF and have that reply be considered. *See Gargiulo v. Dep't of Homeland Sec.*, 727 F.3d 1181, 1186–87 (Fed. Cir. 2013). When WHS-CAF concluded that Mr. Brown should be denied the opportunity to be heard, his statutory rights were prejudiced.

It is undisputed that had Mr. Lancaster treated Mr. Brightbill's letter as a response and forwarded it to WHS-CAF, then Mr. Brown would not have lost his appeal rights before WHS-CAF. Further, if, at a minimum, Mr. Lancaster had advised Mr. Brightbill or Mr. Brown of the letter's deficiencies, timely corrective action could easily have been taken. But for Mr. Lancaster's error in failing to take any action regarding Mr. Brightbill's letter, WHS-CAF would have provided Mr. Brown with the ability to appeal the denial of eligibility, a conclusion different from the one it reached. Because the appeal of Mr. Brown to appeal his denial to WHS-CAF resulted from Mr. Lancaster's action and inaction, Mr. Brown has met his burden in demonstrating harmful procedural error.

Therefore, we conclude that no reasonable factfinder would find that Mr. Brown has not met his burden in showing that Mr. Lancaster's failure to forward Mr. Brightbill's letter or otherwise contact Mr. Brown constituted harmful procedural error. Consequently, the Board's determination that there was no harmful error is unsupported by substantial evidence.

## CONCLUSION

For the foregoing reasons, we vacate the Board's decision and remand for further proceedings.

## VACATED AND REMANDED

C<small>OSTS</small>

Costs to Mr. Brown.