# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARRY AHURUONYE,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>DEPARTMENT OF THE INTERIOR,<br><br>　　　　　Agency. | DOCKET NUMBERS<br>DC-1221-15-1012-W-1<br>DC-1221-14-0911-W-1<br>DC-1221-15-0156-B-1<br>DC-1221-15-0201-B-1<br>DC-1221-15-0339-B-1<br>DC-1221-15-0634-W-1<br>DC-1221-15-1112-W-1<br>DC-1221-15-1034-W-1<br>DC-1221-15-1144-W-1<br>DC-531D-15-0242-B-1 |

DATE: December 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry Ahuruonye, Hyattsville, Maryland, pro se.

Deborah Charette, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which sustained the agency's decision to deny him a within-grade increase (WIGI) and denied his requests for corrective action in his individual right of action (IRA) appeals.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order, which addresses several arguments raised by the appellant below that were not discussed in the initial decision, we AFFIRM the initial decision.

¶2        The appellant, a Grants Management Specialist with the agency's U.S. Fish and Wildlife Service, filed a Board appeal challenging the agency's denial of a WIGI in November 2014, as well as multiple IRA appeals alleging that, in reprisal for his whistleblowing and filing an IRA appeal, the agency issued him a letter of reprimand, issued him an unsatisfactory performance rating, which resulted in him being denied a promotion and training, issued him a leave restriction letter, charged him with absence without leave (AWOL), placed him on a performance improvement plan (PIP), unlawfully terminated his medical and other employment benefits, and issued him a notice of proposed removal. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-15-0242-

B-1, Remand File, Tab 1; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-14-0911-W-1, Initial Appeal File (0911 IAF), Tab 1 at 5; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-0201-B-1, Remand File, Tab 1; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-0156-B-1, Remand File, Tab 1; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-0634-W-1, Initial Appeal File (0634 IAF), Tab 1 at 5-6, 55-57, 82-84, 103, 129; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-1012-W-1, Initial Appeal File (1012 IAF), Tabs 1, 6; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-1034-W-1, Initial Appeal File, Tab 1 at 5; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-0339-B-1, Remand File, Tab 1; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-1144-W-1, Initial Appeal File, Tab 1 at 5; *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-15-1112-W-1, Initial Appeal File, Tab 1 at 4-5. The administrative judge joined the appeals upon finding that doing so would expedite their processing without adversely affecting the interests of the parties. 1012 IAF, Tab 37.

¶3   Based on the written record because the appellant did not request a hearing, the administrative judge affirmed the WIGI denial and found that the appellant did not prove his entitlement to corrective action. 1012 IAF, Tab 68, Initial Decision (ID) at 1-2, 36. The administrative judge found that the agency proved by substantial evidence that the appellant was not performing at an acceptable level of competence, and that the appellant did not prove that the denial of a WIGI was based on reprisal for whistleblowing. ID at 5-15. The administrative judge also found that the appellant proved by preponderant evidence that he made protected disclosures to his second-level supervisor and others that he reasonably believed that his supervisor engaged in improper conduct in violation of the agency's laws and regulations in approving funding for certain grant projects. ID at 17-19. The administrative judge further found that the appellant engaged in

protected activity under 5 U.S.C. § 2302(b)(9)(A)‑(C) when he filed numerous appeals and complaints with the Board, the Office of Special Counsel, and the agency's Office of Inspector General (OIG).  ID at 20.  In addition, the administrative judge held that the appellant established by preponderant evidence that his protected disclosures and activities were contributing factors in the performance-related and disciplinary actions at issue in this case, but not the decision to deny him health benefits.  ID at 21-23.  The administrative judge did not order corrective action, however, upon finding that the agency proved by clear and convincing evidence that it would have issued the appellant an unsatisfactory performance rating, placed him on a PIP, proposed his removal, issued him a letter of reprimand, and placed him on leave restriction and in an AWOL status absent any whistleblowing activity.  ID at 23-33.  Finally, the administrative judge found that the appellant did not prove discrimination or reprisal for equal employment opportunity (EEO) activity.  ID at 33-36.

¶4      The appellant appears to allege on review that the administrative judge should have given collateral estoppel and res judicata effect in his WIGI denial and IRA appeals to a prior Board decision reversing the agency's denial of a 2013 WIGI.  Petition for Review (PFR) File, Tab 1 at 4-5, 19-21.  The appellant filed a motion below asserting that collateral estoppel and res judicata should be applied in this case based on a claim that the agency was attempting to relitigate the "10/17/13 EPAP [Employee Performance Appraisal Plan] in this performance appeal[]."  1012 IAF, Tab 23 at 6.  More specifically, it appears that the appellant alleged below that the agency improperly had asserted that the same October 2013 EPAP applied to his performance for both fiscal year (FY) 2013 and FY 2014.  *Id.* at 7-8.  The administrative judge denied the motion, finding the claim "indecipherable" and noting that the appellant had "himself raised the issue of his 2014 performance approval plan in numerous pleadings."  1012 IAF,

Tab 38 at 3‑4.  The administrative judge afforded the appellant an opportunity to clarify the argument and include it in his final submission.  *Id.*

¶5        We find that the appellant's argument in this regard remains unclear even on review.  To the extent that he asserts that the agency used the same EPAP for both fiscal years, the record reflects that the first pages of the performance plans for FY 2013 and FY 2014 were distinct documents with different appraisal periods and different progress review and summary rating signatures and dates.  *Compare Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-15-0242-I‑1, Initial Appeal File (0242 IAF), Tab 21 at 22, *with* 0242 IAF, Tab 27 at 4.  In any event, collateral estoppel and res judicata do not apply here because any prior Board finding regarding the appellant's performance plan as it related to his appeal of a 2013 WIGI denial involved a different issue and cause of action from the findings in this case involving a subsequent denial of a WIGI, a placement on a PIP, and an unsatisfactory performance rating.  *See Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) (finding that collateral estoppel is appropriate when, among other things, an issue is identical to that involved in the prior action); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995) (finding that res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and applies if, among other things, the same cause of action was involved in both cases).

¶6        The appellant further contends that the record included direct evidence of reprisal for protected activities because the agency's representative indicated in MSPB Docket No. DC-531D-15-0242-I-1 that the agency denied the WIGI because of the appellant's "related appeals."  PFR File, Tab 1 at 5.  The appellant, however, has misconstrued a statement made in the agency's close of record statement in that case.  The agency's representative asserted that the Board lacked jurisdiction over the appeal, but also claimed that "[r]egardless of jurisdiction, the Agency requests that the Administrative Judge issue a finding in this matter as to

whether the Agency would have taken the action by clear and convincing evidence given the pending related appeals." 0242 IAF, Tab 21 at 4. The agency's representative noted that the appellant had three pending appeals in which he claimed reprisal for whistleblowing. *Id.* at 4 n.1. We find that this statement made in a pleading filed by a representative, which merely requests a finding as to whether the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the disclosures, does not constitute evidence, let alone direct evidence of reprisal for protected activities. *See Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995).

¶7        The appellant also asserts that the administrative judge should have sanctioned the agency's representative for perjury when he incorrectly asserted that B.G., a coworker of the appellant's who also was rated unsatisfactory, placed on a PIP, and issued a proposed removal letter, was not a whistleblower. PFR File, Tab 1 at 6. Regardless of whether this assertion by the agency's representative was ultimately correct, we find that this assertion was not made under penalty of perjury and is not evidence. 1012 IAF, Tab 53 at 3, 13; *see Hendricks*, 69 M.S.P.R. at 168. Therefore, the appellant's argument provides no basis for disturbing the findings made in the initial decision or imposing sanctions upon the agency. *See* 5 C.F.R. § 1201.43.

¶8        The appellant further disputes the administrative judge's finding that he did not contest the approval of his performance standards by the Office of Personnel Management (OPM) and did not clearly explain why his performance standards were invalid. PFR File, Tab 1 at 6-7. The administrative judge found that "the appellant did not contest the fact that the performance standards issued to him were approved by OPM, and failed to clearly explain why the performance standards issued to him were not valid." ID at 13-14. The record includes, however, a pleading in which the appellant asserted that the agency had not obtained the required OPM approval and questioned the validity of his performance standards. 1012 IAF, Tab 25 at 4-15. In particular, the appellant

asserted that the agency's performance appraisal system was in effect in October 2004, after its August 2004 request for approval and more than 90 days before OPM approved it on February 4, 2005, and that the agency made changes to his performance plan without obtaining OPM's approval. *Id.* at 6-7. To the extent that these arguments were not addressed by the administrative judge below, we address them now and modify the initial decision accordingly.

¶9     An agency shall submit to OPM for approval a description of its appraisal system "and any subsequent changes that modify any element of the agency's system(s) that is subject to a regulatory requirement in this part." 5 C.F.R. § 430.209(a). The record includes a February 4, 2005 letter from OPM to the agency approving its performance appraisal system. 1012 IAF, Tab 25 at 18. Regardless of the effective date of OPM's approval of the agency's performance appraisal system, the appellant has not explained how any such approval in 2005 affects the validity of the performance appraisal system under which he worked at the time of the 2014 WIGI denial at issue in this case. Moreover, any changes the agency made to the appellant's performance plans over the years do not evince an alteration of the underlying appraisal system, *see Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 28 (2010), and thus did not require OPM's approval, *see* 5 C.F.R. § 430.203 (defining "appraisal system" and "performance plan"). The appellant has not, therefore, provided a basis for overturning the administrative judge's determination that the agency proved by substantial evidence that it properly denied him a WIGI.

¶10    The appellant further contends that the administrative judge should have found that the agency did not meet its clear and convincing evidence burden because the agency did not treat any misconduct by his supervisor regarding grant awards as a performance issue. PFR File, Tab 1 at 7. In this regard, the appellant contends that the administrative judge should have applied *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537 (2013), to this case. PFR File, Tab 1 at 7.

¶11    We find that *Shibuya* is distinguishable from this appeal.  In *Shibuya*, 119 M.S.P.R. 537, ¶¶ 34-36, the Board found no reason to disturb the administrative judge's finding that the agency treated nonwhistleblowers less harshly than it treated the appellant because the agency "failed to investigate the [Chief Financial Officer's] misconduct even after it learned of it, whereas the agency immediately moved the appellant out of his position and instituted an investigation when it learned of his misconduct."  Here, by contrast, the appellant's disclosure *did* result in OIG's investigating the allegation.  The record includes a copy of the OIG's final report, which found significant deficiencies in the management of Coastal Impact Assistance Program grants by the agency and the State of Louisiana.  0634 IAF, Tab 10 at 7.  The report includes 30 recommendations made by the OIG, none of which, however, suggest that the appellant's supervisor engaged in misconduct or that the agency should take a disciplinary or performance-based action against her.  *Id*. at 14-43.[2]  Even considering any failure by the agency to take action against the appellant's supervisor under the above circumstances, we find that the agency has nevertheless proven by clear and convincing evidence that it would have taken the same actions against the appellant in the absence of his whistleblowing.  ID at 15-16, 23-33; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) ("Evidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion.").

¶12    In addition, the appellant asserts that the administrative judge improperly denied his motion to compel the agency to provide him with "official notice of 'Within-in Grade-Notice' and [Standard Form] 52 for unlawful health benefit termination that would have shown that WIGI was denied prior to 11/28/14

[2] In its response to the OIG's draft report, the agency identified an individual that was not the appellant's supervisor as the "responsible official" for each of the OIG's recommendations.  0634 IAF, Tab 10 at 54-68.

rating." PFR File, Tab 1 at 7. It does not appear that the appellant filed a motion to compel in any of the 10 appeals that have been joined in this case. PFR File, Tab 7 at 8.[3] The administrative judge noted that the appellant had filed a motion to compel in a nonjoined case and that he had denied that motion. 1012 IAF, Tab 38 at 4. Thus, the appellant has shown no basis for finding an abuse of discretion by the administrative judge in ruling on discovery matters in these joined appeals.

¶13    Further, the appellant asserts that, contrary to his supervisor's declaration and the administrative judge's finding that he routinely had inaccuracies in award letters he prepared, preparing a manual award letter was not a part of his "job description." PFR File, Tab 1 at 7-8. He similarly asserts that he was not responsible for preparing milestone plans because a contractor had that responsibility and he did not have system access to "edit" the milestone plan information. *Id.* at 17. Regardless of the nature of the appellant's job description, the responsibility of a contractor, or the appellant's ability to edit milestone plan information, the administrative judge correctly found that one of his critical elements in his performance appraisal plan required him to meet certain numerical criteria regarding drafting award letters and completing milestone plans. ID at 8-9, 12; 0242 IAF, Tab 21 at 22-26.

¶14    The appellant also contends that he could not have committed errors in calculating total grant funding because that information was "already pre‑populated when a requisition is approved," the agency did not prove that he failed to consistently respond to emails in a timely fashion, and the agency's documentation of his unsatisfactory performance included work produced by other employees. PFR File, Tab 1 at 8, 11-12. Again, regardless of whether any

---

[3] The appellant filed a motion to compel in *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-15-0242-I-1, Remand Order, ¶ 6 n.4 (June 29, 2015), seeking documentation that would show the actual date of a WIGI denial. The Board found the issue moot in light of its finding of jurisdiction in that case. *Id.*

documents the appellant prepared were "pre-populated," the critical elements in his performance appraisal plan required him to "[a]ccurately complete[] all forms of correspondence/communication" and complete milestone plans in a timely and accurate manner. 0242 IAF, Tab 21 at 24. Moreover, substantial evidence in the record, including several examples set forth by the appellant's supervisor, supports the administrative judge's finding that the appellant did not respond to emails in a timely fashion. *Id.* at 33; 1012 IAF, Tab 53 at 20. The appellant's contention that the agency included work performed by other employees in its documentation of his unsatisfactory performance does not demonstrate error in the initial decision. The record includes, for example, documentation showing errors made by the appellant concerning grant number F12AP00048. 0242 IAF, Tab 23 at 135-43. Although some of the documents refer to another employee, W.J., as the "owner" of the grant as of March 31, 2013, the documents also identify the appellant as the "owner" as of September 2, 2014, when the appellant's supervisor notified him of the errors he had made, and list him as one of the contacts in the draft grant letter. *Id.* at 136, 139-41. Despite these types of references to other employees, the record includes substantial evidence showing that the appellant's work was not of an acceptable level of competence. *See, e.g.*, *id.* at 6-202; *see also Smith v. Department of Agriculture*, [64 M.S.P.R. 46](#), 56 (1994) (finding that an agency must support its decision to withhold a WIGI by substantial evidence, i.e., the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other persons might disagree).

¶15    Although the appellant asserts on review that his supervisor had a role in terminating his health benefits, and thus his disclosure was a contributing factor in that action, this contention is based solely on the fact that his supervisor proposed his removal for unsatisfactory performance. PFR File, Tab 1 at 22‑24. He has shown no error in the administrative judge's reliance on a declaration made under penalty of perjury by a human resources employee that the supervisor

did not direct, and otherwise had no role in, the issuance of the OPM form used to notify the agency of a change in health benefits enrollment, the form could only be processed and certified by human resources employees, and neither the supervisor nor any other individual outside of human resources had access to the appellant's records. ID at 22-23; *see* 1012 IAF, Tab 41 at 10‑11. Moreover, the forms in question are electronically signed by an individual who is not the appellant's supervisor. 1012 IAF, Tab 41 at 13-14.

¶16    The appellant also contends that, although the administrative judge found that the agency proved by clear and convincing evidence that it would have issued him a letter of reprimand in the absence of his disclosures, the administrative judge only addressed one of the two reasons the agency set forth in the letter of reprimand. PFR File, Tab 1 at 26-27. The appellant asserts that the agency did not prove the second reason, that he held a land acquisition grant for 200 days without processing it, because "the grantee placed this grant on hold and later rescinded it." *Id.* at 27. He further claims that he did not fail to follow procedures and supervisory instructions by not meeting a July 16, 2014 deadline to complete all grant reviews and filings before an office move, which was the first reason set forth in the letter, because another employee placed grant applications on his desk on his telework days. *Id.* at 26-28.

¶17    The agency charged the appellant in the letter of reprimand with Failure to Follow Procedures and Failure to Follow Supervisory Instructions, followed by a narrative description of the basis for the charges. 0911 IAF, Tab 11 at 9-11. As the administrative judge found, ID at 27-28, the letter of reprimand asserted that the appellant failed to follow repeated instructions to meet a July 16, 2014 deadline to remove grant files from work stations in preparation for an office move, 0911 IAF, Tab 11 at 9. The appellant's contention that he left work on his desk because of his telework schedule does not establish a basis for his failure to follow his supervisor's instructions. The letter of reprimand indicates, and the

appellant does not deny, that he was in the office on July 16, 2014, yet he did not follow the instructions at that time. 0911 IAF, Tab 11 at 9.

¶18    Although not addressed by the administrative judge, we modify the initial decision by finding that the letter of reprimand also noted that, at the close of business on July 16, 2014, the appellant's supervisor found on his desk a grant file relating to a land acquisition that had been assigned to him for 200 days for processing. *Id.* We find that the matter relating to the land acquisition grant file merely describes in-depth one of the files that the appellant failed to remove by the deadline and is not an additional specification to be proven. *See Robb v. Department of Defense*, 77 M.S.P.R. 130, 133 (1997) (finding that a charge should not be technically construed, but instead should be construed in light of the accompanying specifications and circumstances); *cf. id.* at 133-34 (finding that the "for ten (10) days or more" part of the agency's AWOL charge was descriptive in nature rather than an additional element of the charge). In any event, to the extent that the language in the letter of reprimand regarding the land acquisition grant file could be construed as a separate specification, the administrative judge need not have considered it as such upon finding that there was a sufficient basis for the letter of reprimand based solely on the failure to meet the deadline, and that the agency met its burden of proving that it would have taken the same action in the absence of the appellant's disclosures. *Cf. Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994) (requiring an agency to prove only the essence of its charge and not each factual specification supporting the charge), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table).

¶19    Finally, the appellant asserts that he was either at work, on administrative or other approved leave, attending a Board prehearing conference, or meeting with an EEO investigator on the dates on which the agency placed him on AWOL. PFR File, Tab 1 at 30-32. The appellant has not identified on review, however, any evidence in the record that would support his claims regarding his activities on the dates in question. In any event, the administrative judge found that the

agency submitted strong evidence in support of its action because the appellant had been subject to a leave restriction letter on all of the charged dates, there was no credible evidence in the record to indicate that he followed the appropriate process for requesting leave or notifying the agency of a late arrival, and the placement on AWOL for March 27, 2015, was due to a clerical mistake by a human resources employee who had no motive to retaliate against him. ID at 31‑33. The appellant does not allege on review that he complied with the leave restriction letter. Moreover, a declaration made under penalty of perjury by the appellant's supervisor supports the agency's having placed the appellant on AWOL on the dates in question. 1012 IAF, Tab 53 at 23-25.

¶20    After the close of the record on review, the appellant submitted a motion to submit an exhibit relating to the agency's alleged unlawfully terminating a health benefit on April 17, 2015. PFR File, Tab 9. In particular, the appellant seeks to submit a "medical health payment collection action letter" for $91.03 for the pay period covering April 18, 2015, to May 2, 2015. *Id.* at 4. The appellant contends that this letter shows that he suffered additional harm, including an action by the Department of Justice to collect a debt and an asset seizure by the Department of the Treasury, and that the agency did not correct its unlawful termination of his health insurance. *Id.* at 4, 6. The appellant asserts that "this emerged after the close of the record in this appeal." *Id.* at 4.

¶21    The appellant also submitted after the close of the record on review a request for leave to file an additional exhibit comprising a pleading filed by the Department of Justice on August 5, 2016, in a Freedom of Information Act case filed by the appellant in U.S. district court. PFR File, Tab 12. The appellant appears to contend that this pleading will show that the agency terminated him on April 14, 2015, not April 24, 2015, and that this demonstrates that the unlawful

termination of his health benefits was caused by his April 14, 2015 termination from employment and not an administrative error. *Id.* at 4-6.[4]

¶22 The administrative judge found that the appellant did not prove that his whistleblowing was a contributing factor in the decision to terminate his health benefits because he did not show that the acting officials were aware of his disclosures. ID at 22-23. The evidence the appellant proposes to submit on review relates to the harm he alleges he suffered as a result of this action and the date of his removal, and is not material to the merits of his claim that the agency terminated his health benefits in reprisal for whistleblowing. Thus, we deny his requests to supplement the record. *See Brown v. Department of Defense*, 121 M.S.P.R. 584, ¶ 5 n.2 (2014), *vacated on other grounds*, 646 F. App'x 989 (Fed. Cir. 2016); *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 4 n.4 (2014); 5 C.F.R. § 1201.114(a)(5), (k); *cf. Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶23 Accordingly, we affirm the administrative judge's decision to sustain the agency's denial of a WIGI and deny the appellant's requests for corrective action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to

---

[4] The appellant filed a third motion seeking leave to submit exhibits consisting of a revised leave and earnings statement and an individual payroll record. PFR File, Tab 14. The appellant asserts that these documents will help clarify issues relating to the agency's compliance with an order issued by the Board in a separate appeal involving the denial of a WIGI. *Id.* at 4; *see Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-14-0587-B-2. Because the motion relates to an appeal that has not been joined with the appeals that are under consideration in this decision, we deny the motion.

request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court

no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.