NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHANAE M. MILLER,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2025-1380

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-21-0010-I-1.

---

Decided:  December 3, 2025

---

SHANAE M. MILLER, Schertz, TX, pro se.

ISABELLE AUBRUN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before LOURIE, SCHALL, and STOLL, *Circuit Judges*.

PER CURIAM.

Shanae Miller petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the decision of the Department of the Air Force ("Air Force") to remove her from her position after her security clearance was revoked. *Miller v. Dep't of the Air Force*, No. DA-0752-21-0010-I-1 (Dec. 18, 2024). For the following reasons, we *affirm* the Board's final decision.

BACKGROUND

Ms. Miller obtained a Secret security clearance in November of 2010 pursuant to the requirements of her position at the time as a GS-7 Acquisition Program Manager in the Air Force. *See* S. App. 19.[1] In March of 2016, Ms. Miller accepted a tentative selection offer for a GS-12 Acquisition Program Manager position at Lackland Air Force Base ("AFB"). *Id.* Because the Lackland AFB position required a higher level (Top-Secret) security clearance than the clearance she presently held, she completed a Questionnaire for National Security Positions (SF-86), and the Air Force initiated a background investigation. *See id.* at 19–20. While the investigation was pending, Ms. Miller declined the offer with Lackland AFB and instead accepted a promotion to a GS-13 Acquisition Program Manager position at Wright Patterson AFB, a position that did not require a Top-Secret security clearance, but did require a Secret security clearance. *Id.* at 20; S. App. 102. However, the background investigation for Ms. Miller's Top-Secret security clearance continued. S. App. 20.

The Office of Personnel Management completed Ms. Miller's background investigation in February of 2017. *Id.* The Department of Defense Consolidated Adjudications Facility ("DoD CAF") issued a letter on October 11, 2017, notifying Ms. Miller of its preliminary decision to revoke

---

[1] "S. App." refers to the Supplemental Appendix filed by Respondent.

both her eligibility to access classified information and her assignment to duties that have been designated national security sensitive. *Id.* DoD CAF's Statement of Reasons ("SOR") supporting its decision explained that Ms. Miller had a history of delinquent debts and that she had failed to report her delinquent debts in the SF-86 that she had submitted in connection with the Lackland AFB application. *Id.*; S. App. 224–26. Ms. Miller responded to the SOR on April 18, 2018. S. App. 20.

In June of 2018, Ms. Miller was reassigned to a GS-13 Program Manager position at Randolph AFB. *Id.* Later that year, she was reassigned to a GS-13 Career Field Administrator position at Randolph AFB. *Id.* As a condition of her employment in that role, she was required to maintain eligibility to serve in a noncritical-sensitive position. *Id.* at 21.

On July 26, 2019, DoD CAF issued its final decision revoking Ms. Miller's eligibility for access to classified information, her eligibility for assignment to duties that have been designated national security sensitive, and her eligibility for access to Sensitive Compartmented Information. *Id.* at 20; S. App. 208. Ms. Miller's appeal of that decision to the Air Force Personnel Security Appeal Board was denied. S. App. 20.

The Air Force consequently removed Ms. Miller from her position as a GS-13 Career Field Administrator at Randolph AFB, effective September 16, 2020, because of her loss of eligibility to occupy a noncritical-sensitive position. *Id.* at 21; S. App. 109. Ms. Miller filed an appeal with the Board.

In the Board's initial decision, the administrative judge ("AJ") assigned to the case determined that the Air Force had met its burden to prove that: (1) Ms. Miller's position was classified as noncritical sensitive; (2) her eligibility to occupy a noncritical-sensitive position had been revoked; (3) she was provided with the required procedural

protections; and (4) there is no Air Force policy entitling Ms. Miller to be reassigned to a nonsensitive position. S. App. 21–25. The AJ also determined that Ms. Miller failed to prove harmful error in the application of the Air Force's procedures, *id.* at 25–28, and that the Air Force's removal of Ms. Miller promoted the efficiency of the service, *id.* at 28–30.

Ms. Miller petitioned for review of the initial decision. On December 18, 2024, the Board issued a Final Order affirming the initial decision except with respect to the decision's analysis of Ms. Miller's allegations regarding the Air Force's compliance with its own procedures in conducting the security clearance investigation process, which the Board vacated as outside the scope of the Board's jurisdiction. S. App. 8–10. The AJ's initial decision, as supplemented by the Board's Final Order, therefore became the final decision of the Board. *Id.* at 11.

Ms. Miller timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of an appeal from a Board decision is limited by statute. We may set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's legal determinations de novo and its underlying factual findings for substantial-evidence support. *Torres v. Dep't of Homeland Sec.*, 88 F.4th 1379, 1382–83 (Fed. Cir. 2023). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1383 (citation omitted).

The Board's review of adverse actions stemming from security clearance determinations is limited to

determining (1) "whether a security clearance was denied," (2) "whether the security clearance was a requirement for [the] appellant's position," and (3) "whether the procedures set forth in [§] 7513 were followed." *Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1373–74 (Fed. Cir. 2019) (second alteration in original) (quoting *Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000)).

Ms. Miller's primary argument before us is that her removal was improper because the position from which she was removed—GS-13 Career Field Administrator—did not in fact require a Top-Secret or Secret security clearance and instead was merely classified as noncritical sensitive. Petitioner's Br. 4–9.[2] According to Ms. Miller, the position description for that job did not require a security clearance, and she never had access to classified information while working in that position. *Id.* at 2–7. In other words, Ms. Miller takes issue with the Board's determination that a "security clearance" was a requirement for her position as Career Field Administrator because that position was classified as noncritical sensitive.

We have previously explained, however, that the Board's authority, and correspondingly, our authority, is restricted not only with respect to challenges to determinations pertaining to security clearances, but also with respect to challenges to determinations pertaining to positions classified as noncritical sensitive. *Kaplan v. Conyers*, 733 F.3d 1148, 1151, 1155–66 (Fed. Cir. 2013) (en banc) (noting limitations on the Board's review with respect to "determinations concerning eligibility of an employee to occupy a 'sensitive' position, regardless of whether the position requires access to classified information"); *see Brown v. Dep't of Def.*, 646 F. App'x 989, 992 (Fed. Cir. 2016) ("In cases concerning the denial of

---

[2]    Our citations to Ms. Miller's brief refer to the page numbers generated by this court's CM/ECF system.

eligibility to occupy a sensitive position, our review is . . . limited to determinations relating to whether an agency properly followed its own internal procedures.").

Ms. Miller was removed from her position as a Career Field Administrator at Randolph AFB. S. App. 21; S. App. 108. In its final decision, the Board found that that position was classified as noncritical sensitive and that Ms. Miller's eligibility to occupy a noncritical-sensitive position had been revoked. S. App. 21–22 (citing S. App. 241, 246). The Board also determined that Ms. Miller had been afforded the appropriate procedural protections. *Id.* at 24. We see no error in the Board's determinations, which are supported by substantial evidence. To the extent Ms. Miller challenges the Air Force's classification of the Career Field Administrator position as noncritical sensitive or the DoD's determination concerning her eligibility to occupy a noncritical-sensitive position, we lack the authority to review such challenges. *See Kaplan*, 733 F.3d at 1151, 1160.

## CONCLUSION

We have considered Ms. Miller's other arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's final decision.

## AFFIRMED

### COSTS

No costs.